**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:   ltfisher@bursor.com
              jsmith@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SOO, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| LOREX CORPORATION and DAHUA TECHNOLOGY USA INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

CLASS ACTION COMPLAINT

Plaintiff Gerald Soo, on behalf of himself and all others similarly situated, by and through his attorneys, makes the following allegations against Defendants Lorex Corporation ("Lorex") and Dahua Technology USA Inc. ("Dahua") (collectively, "Defendants") pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are based on his personal knowledge.

**FACTUAL BACKGROUND**

1. This is a class action lawsuit on behalf of purchasers of several types of Flir security cameras: the Flir FX Indoor Series, Flir FX Outdoor Series, Flir FXC Indoor Series, and Flir FXC Outdoor Series security cameras (collectively, "Flir Cameras").

2. Flir Cameras are "premium HD home security camera[s]." A crucial feature of the Flir Cameras was their ability to record security footage to the cloud. The Flir Cameras also offered "Rapid Recap," which was a feature that gave users a condensed, time-stamped time-lapse video of all activity that took place within a specified amount of time. Both of these features were made possible through the FLIR Secure and Lorex Secure apps (the "Apps"), which the Flir Cameras require to function.

3. The Flir Cameras were manufactured by Defendant Lorex, a subsidiary of Defendant Dahua. Lorex was sold to Dahua by Lorex's previous parent company, FLIR Systems, Inc., in 2018.[1] Lorex also manages the Apps, which upon information and believe is done at the direction of Dahua.

4. On August 15, 2019, Lorex announced that Flir Cameras would no longer be supported by the Apps "due to a change in technology providers." This was the result of Lorex's technology provider, OzVision, ceasing to provide P2P functionality and services that were used by all Flir Cameras. As a result of this cessation in services, the Flir Cameras can no longer connect to the Apps. Because the Flir Cameras require the Apps to function, Lorex's decision—which was done pursuant to Dahua's instructions—to cut off App support caused the Flir Cameras to cease working entirely. Accordingly, all Flir Cameras are now worthless because of Lorex and Dahua's actions.

---

[1] Rodney Bosch, *Flir Sells Lorex Business to Dahua for $29M; Exits DIY, SMB Markets*, SECURITY SALES & INTEGRATION, Feb. 6, 2018, https://www.securitysales.com/business/mergers/flir-sells-lorex-dahua-exits-diy-smb-markets/ (last accessed Feb. 26, 2020).

5. Since changing technology providers, Defendants have not created their own P2P software to replace OzVision that would continue to provide support for Flir Cameras.

6. Lorex noted that consumers "may be eligible for a free Lorex Active Deterrence Wi-Fi replacement camera or a Lorex.com store discount of US$120.00 … per FX/FXC camera."

7. However, neither of these remedies are adequate.  As explained more fully below, customers must choose between an inferior replacement camera—which in any event appears to be no longer available—or a store credit far less than what the Flir Cameras cost.

8. As for the first option, the replacement camera lacks the same functionality as the Flir Cameras.  The chart below compares the features of the various Flir Cameras with the replacement camera shown in the far right with the green column.  Notably, the replacement camera lacks Cloud Recording or Rapid Recap, two important features of the Flir Cameras.

| Series | FX Indoor Series | FX Outdoor Series | FXC Indoor Series | FXC Outdoor Series | Active Deterrence WiFi series |
|---|---|---|---|---|---|
| Model Numbers | FXV101-Hx / FXP101-H | FXV101-Wx | FS21F / FS21 / FS21FBK / FXC12BK / FXC21 / FXC32BK / FXCX2 | FXC13V / FXC33V | LNWCM22Y |
| Indoor / Outdoor | Indoor Only | Outdoor Only | Indoor Only | Outdoor Only | Indoor / Outdoor |
| Resolution | 1080p | 1080p | 2K | 2K | 1080p |
| Compression | H.264 | H.264 | H.264 | H.264 | H.264/H.265 |
| Active Deterrence | No | No | No | No | Yes, Warning LED's + triggered Audible Siren |
| Voice Assistance Compatibility (US/CDN/Mex only) | No | No | No | No | Amazon Alexa / Google Assistant |
| Apple TV / Chromecast Compatibility (US/CDN/Mex only) | No | No | No | No | Yes |
| No Monthly Fees | Yes, optional services | Yes, optional services | Yes, optional services | Yes, optional services | Yes |
| Field of View | Up to 160 degrees (Horizontal) | Up to 160 degrees (Horizontal) | Up to 155 degrees (Diagonal) | Up to 155 degrees (Diagonal) | Up to 135 degrees (Diagonal) |
| Night vision Range | Up to 33ft | Up to 65ft | Up to 40ft | Up to 60ft | Up to 65ft |
| Cloud Recording | Yes | Yes | Yes | Yes | No but planned for 2020 |
| Rapid Recap | Yes | Yes | Yes | Yes | No |
| Temperature / Humdity Sensor | Yes | No | No | No | No |
| Battery Backup | Yes | Yes | No | No | No |
| Accessories | Dash / Bike / Sport Mount / Outdoor Housing | No | No | No | No |
| Mounting positions | Wall and Tabletop | Wall and Ceiling | Wall and Tabletop | Wall and Ceiling | Wall, Ceiling and Tabletop |
| Dimensions | With Base: 2.9 x 2.3 x 4.7 in / 72 x 60 x 121mm (WxDxH) | Wall Mounted: 3.8 x 8.1 x 3.8 in / 96 x 205 x 95mm (WxDxH) | 2.3 x 2.3 x 3.7 in / 58 x 58 x 94mm (WxDxH) | Wall Mounted: 3.1 x 6.9 x 3.1 in / 79 x 175 x 79mm (WxDxH) | With Tabletop Mount: 3.4× 4.2 × 5.0" / 86 × 107 × 125mm (WxDxH) |

9. The replacement cameras are also only worth $130, significantly less than what Plaintiff paid for his Flir Cameras. In any event, the link to the what is supposed to be the replacement camera does not work, foreclosing this option altogether.

10. The second option of a $120 store credit is likewise inadequate because that amount is significantly less than what Plaintiff paid for his Flir Cameras. Further, no Lorex camera currently supports cloud functionality for recording, and therefore consumers must also purchase a Network Video Recorder ("NVR") to have the same cloud functionality as the Flir Cameras. All NVRs that Lorex offers are priced far above $120. Finally, the offer for store credit expired February 2020.

11. Notably, Defendants do not offer a cash refund. Defendants' notice only provides consumers with the option to receive a replacement camera or store credit, both of which are inadequate remedies for the reasons laid out above.

**FLIR or Lorex brand FX/FXC Series Wi-Fi Cameras**

**FLIR FX, FLIR Secure and Lorex Secure apps will no longer be supported as of Aug 15th, 2019.**

You may be eligible for a free Lorex Active Deterrence Wi-Fi replacement camera or a Lorex.com store discount of US$120.00 (or $160 CAD) per FX/FXC camera. View Replacement Camera Comparison

If you require a store discount, please contact Lorex sales department at (1-888) 425-6739.

For replacement, please enter your account email and camera's Device ID into the request form below to check your eligibility.

For any questions about the **Up Program** please call Lorex Tech Support at (1-888) 425-6739.

**FX/FXC Replacement Request Form**

1. Account Information
Account Email (email address used to sign into the app)

2. Device Information
Device ID | Serial Number
e.g. fxc0012X3X45 | e.g. ID12345678912

[Remove Device] [Add another device]

[Request product replacement]
[Request store credit]

If your device eligibility could not be validated, please contact Lorex customer service at (1-888) 425-6739. If it is determined that you are eligible for a free replacement unit or credit, only one will be provided per eligible Device ID and serial number. A photo clearly displaying the state of the device may be necessary to receive a replacement unit or credit. Proof of purchase may also be required. A maximum of 6 replacements will be provided per shipping address. This offer does not apply to resellers, distributors and other channel partners. For details please call your Lorex sales representative.

**RapidRecap** and **Cloud Storage** will no longer be supported as of Aug 15th, 2019. To learn more, please visit our Rapid Recap and Cloud Recording Subscriber FAQ.

12. In short, Defendants intentionally "bricked"[2] or rendered non-functional the Flir Cameras of Plaintiff and other members of the putative Class by eliminating support for the Apps. Defendants then temporarily offered two remedies that are less than the value of the Flir Cameras and therefore inadequate. By doing so, Defendants unjustly enriched themselves at the expense of Plaintiff and other Class members.

13. Plaintiff and other Class members would not have bought the Flir Cameras, or would have bought them at a substantially lower price, had they known that Defendants would brick the Flir Cameras.

14. Plaintiff brings this action on behalf of the Class for restitution and all other available equitable relief under the following causes of action: (i) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and (ii) unjust enrichment.

## PARTIES

15. Plaintiff Gerald Soo is a citizen of California, residing in Alameda County. Mr. Soo purchased his first two Flir Cameras in April 2015 and purchased three more from eBay in February 2017 and January 2018. Each camera cost approximately $200. Mr. Soo still has all five cameras, all of which are the Flir FX Indoor Series. Prior to purchasing the Flir Cameras, Mr. Soo saw and reviewed the features of the Flir Cameras, including that the Flir Cameras had "Cloud Recording" and "Rapid Recap." Mr. Soo was also never informed that his Flir Cameras would later be rendered non-functional by Defendants, and was it reasonable for Mr. Soo to believe that his Flir Cameras would not be rendered non-functional by Defendants. Mr. Soo's Flir Cameras were functional until August 2019, at which time they were rendered non-functional by Defendants. Mr. Soo's Flir Cameras are now worthless, and Defendants have been unjustly enriched at Mr. Soo's expense. Mr. Soo would not have bought the Flir Cameras, or would have paid substantially less for them, had he known that Defendants would render them non-functional within a few years of purchase.

---

[2] "Brick" means "to render (an electronic device, such as a smartphone) nonfunctional (as by accidental damage, malicious hacking, or software changes)." BRICK, MERRIAM-WEBSTER'S DICTIONARY, https://www.merriam-webster.com/dictionary/brick (last accessed Jan. 22, 2020).

16. Defendant Lorex Corporation is a Delaware corporation that has its principal place of business at 999 Corporate Boulevard, Linthicum, Maryland 21090. Defendant Lorex does substantial business in the United States, including in California, and is the owner and operators of the Apps.

17. Defendant Dahua Technology USA Inc. is a California corporation with a principal place of business at 23 Hubble, Irvine, California 92618. Defendant Dahua does substantial business in the United States, including in California.

18. Defendant Lorex is a subsidiary of Defendant Dahua. Prior to acquiring Lorex, Dahua was Lorex's primary original equipment manufacturer of video surveillance products. Lorex also changed is technology provider following its acquisition by Dahua. At all relevant times, Lorex acted as an authorized agent, representative, servant, employee and/or alter ego of Dahua while performing activities including but not limited to the manufacturing and sale of Flir Cameras and the operation of the Apps in the United States and in the State of California.

## JURISDICTION AND VENUE

19. This Court has personal jurisdiction over Defendants. Defendants purposefully avails themselves of the California consumer market and distribute the Flir Cameras to hundreds of locations within this District and thousands of retail locations throughout California, where the Flir Cameras were purchased by thousands of consumers every day. The Court also has personal jurisdiction over Defendant Dahua because it is a California corporation and headquartered in California.

20. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff allege that the total claims of individual

members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

21. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Flir Cameras, occurred within this District.

## CLASS ALLEGATIONS

22. Plaintiff seeks to represent a class defined as all persons in the United States who purchased Flir FX Indoor Series, Flir FX Outdoor Series, Flir FXC Indoor Series, and Flir FXC Outdoor Series security cameras (the "Class"). Excluded from the Class are Defendants, their affiliates, employees, officers and directors, persons or entities that purchased Flir Cameras for resale, and the Judge(s) assigned to this case.

23. Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

24. At this time, Plaintiff does not know the exact number of members of the aforementioned Class ("Class Members"). However, given the nature of the claims and the number of retail stores in the United States that sold Flir Cameras, Plaintiff believes that Class Members are so numerous that joinder of all members is impracticable.

25. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

    (a) Whether Defendants were required to cease supporting Flir Cameras;

    (b) whether Plaintiff and other consumers would have purchased Flir Cameras had they known that Defendants would render the Flir Cameras non-functional;

  (c)  whether Defendants have been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendants to retain the benefits conferred upon Defendants by Plaintiff and the Class;

  (d)  whether Plaintiff and the Class are entitled to restitution or other equitable relief, and if so, the proper measure of relief.

26. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, Flir Cameras, and Plaintiff sustained injury from Defendants' wrongful conduct.

27. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions.  Plaintiff has no interests which conflict with those of the Class.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants.  For example, one court might require Defendants to provide certain equitable relief to Class Members, whereas another might not.  Additionally, individual actions could be dispositive of the interests of the Class even where certain Class Members are not parties to such actions.

**COUNT I**
**Violation Of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***

30. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

31. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

32. By committing the acts and practices alleged herein, Defendants have violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* as to the Class, by engaging in unlawful, fraudulent, and unfair conduct.

33. Defendants' acts and practices described above violate the UCL's proscription against engaging in fraudulent conduct.

34. As more fully described above, Defendants' failure to disclose that it would render the Flir Cameras non-functional deceived reasonable consumers into purchasing products that they would not have purchased but for Defendants' omissions.

35. Defendants' acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

36. By intentionally eliminating App support for the Flir Cameras on August 15, 2019, Defendants rendered the Flir Cameras of Plaintiff and members of the Class non-functional, and did so without any acceptable justification, whether business or otherwise.

37. Defendants' bricking of the Flir Cameras was unfair in that Defendants failed to provide an adequate remedy for their injurious conduct.  This conduct by Defendants was substantially injurious to consumers, offended public policy, and was immoral, unethical, oppressive, and unscrupulous, and the gravity of the conduct substantially outweighed any alleged benefits attributable to such conduct.

38. Defendants financially benefited from rendering the Flir Cameras non-functional to the financial detriment of Plaintiff and Class members.  Plaintiff and Class Members conferred a financial benefit to Defendants by purchasing Flir Cameras.  Plaintiff and Class Members were then deprived of the benefit of their bargain with Defendants because Defendants intentionally rendered the Flir Cameras of Plaintiff and Class Members non-functional, which caused Plaintiff and Class Members to suffer a diminution in the value of their Flir Cameras.

39. Plaintiff and Class Members are now forced to either (1) lose significant value in their property by virtue of losing the ability to use their Flir Cameras, (2) receive a replacement camera that is worth less than the Flir Cameras and that has fewer features, such as Cloud Recording and Rapid Recap, or (3) receive store credit that is less than the value of the Flir Cameras that they purchased.

40. As a direct and proximate result of Defendants' unfair practices, Plaintiff and the members of the Class were deprived of their benefit of the bargain with Defendants and have suffered substantial injury in fact, and lost money and/or property. The injuries suffered by Plaintiff and the members of the Class include, but are not limited to, diminution in the value of their personal property associated with the loss of the functionality of their Flir Cameras.

41. Plaintiff and the other Class Members also suffered a substantial injury by virtue of buying the Flir Cameras that they would not have purchased had they known that Defendants would later render the Flir Cameras non-functional and therefore worthless.

42. Plaintiff and the other Class members could not have reasonably avoided the injury each of them suffered.

43. Pursuant to California Business and Professional Code § 17203, Plaintiff and the Class seek an order of this Court that includes, but is not limited to, an order requiring Defendants to: (a) provide restitution to Plaintiff and the other Class Members; (b) disgorge all revenues obtained as a result of violations of the UCL; (c) injunctive relief requiring Defendants to restore functionality to the Flir Cameras; and (d) pay Plaintiff's and the Class' attorney's fees and costs.

## COUNT II
### Unjust Enrichment

44. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

46. Plaintiff and Class Members conferred benefits on Defendants by purchasing the Flir Cameras.

47. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of the Flir Cameras. Retention of those moneys under these circumstances is unjust and inequitable because Defendants failed to disclose that it would be rendering the Flir Cameras non-functional and therefore useless. These omissions caused injuries to

Plaintiff and the Class Members because they would not have purchased the Flir Cameras if the true facts were known.

48. Retention of those moneys also is unjust and inequitable because, as alleged above, Defendants commenced an inadequate replacement program that offered either (a) a replacement camera that was worth less than the Flir Cameras and had fewer features, such as Cloud Recording and Rapid Recap, or (b) store credit that was worth less than the value of the Flir Cameras.

49. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment on behalf of herself and members of the Class as follows:

a. For an order certifying the nationwide Class under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as Class representative; and naming Plaintiff's attorneys as Class Counsel representing the Class members;

b. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

c. For an order awarding equitable relief in amounts to be determined by the Court and/or jury;

d. For injunctive relief enjoining the illegal acts detailed herein;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order awarding Plaintiff his reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

| | |
|---|---|
| Dated: February 26, 2020 | Respectfully submitted, |
| | **BURSOR & FISHER, P.A.** |
| | By:  */s/ Joel D. Smith*  <br>          Joel D. Smith |
| | L. Timothy Fisher (State Bar No. 191626)<br>Joel D. Smith (State Bar No. 244902)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA  94596<br>Telephone: (925) 300-4455<br>Facsimile:  (925) 407-2700<br>Email:   ltfisher@bursor.com<br>              jsmith@bursor.com |
| | *Attorneys for Plaintiff* |