1 John L. Cooper (State Bar No. 050324)
  jcooper@fbm.com
2 Janice W. Reicher (State Bar No. 287591)
  jreicher@fbm.com
3 Farella Braun + Martel LLP
  235 Montgomery Street, 17th Floor
4 San Francisco, California 94104
  Telephone: (415) 954-4400
5 Facsimile: (415) 954-4480

6 G. Mark Edgarton (*pro hac vice*)
  gedgarton@choate.com
7 Samuel N. Rudman (*pro hac vice*)
  srudman@choate.com
8 Choate Hall & Stewart LLP
  Two International Place
9 Boston, MA 02110
  Telephone (617) 248-5000
10
   Attorneys for Defendants LOREX
11 CORPORATION and DAHUA TECHNOLOGY
   USA INC.
12

                    UNITED STATES DISTRICT COURT
13
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
14

15
   GERALD SOO and MATTHEW               Case No. 3:20-cv-01437-JSC
16 LAUINGER, on behalf of themselves and all
   others similarly situated,           **DEFENDANTS' NOTICE OF MOTION**
17                                       **AND MOTION TO DISMISS**
                  Plaintiffs,            **PLAINTIFFS' FIRST AMENDED**
18                                       **COMPLAINT AND TO STRIKE**
           vs.                           **NATIONWIDE CLASS ALLEGATIONS;**
19                                       **MEMORANDUM OF POINTS AND**
   LOREX CORPORATION and DAHUA          **AUTHORITIES IN SUPPORT THEREOF**
20 TECHNOLOGY USA INC.,
                                         The Hon. Jacqueline Scott Corley
21                Defendants.
                                         Date: July 23, 2020
22                                       Time:  9:00 a.m.
                                         Crtrm:  E
23                                       Trial Date:  None

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion To Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

38540\13150706.1

1

## NOTICE OF MOTION AND MOTION

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that on July 23, 2020, at 9:00 a.m., or as soon thereafter as the

4  matter may be heard before the Honorable Jacqueline Scott Corley, in Courtroom E of the United

5  States District Court for the Northern District of California at 450 Golden Gate Avenue, San

6  Francisco, CA 94102, Defendants Lorex Corporation and Dahua Technology USA Inc.

7  (collectively, "Lorex"), will and hereby do move to dismiss Plaintiff's First Amended Class

8  Action Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  This

9  motion seeks relief in the alternative to the relief sought by Lorex's Motion to Compel Individual

10  Arbitration and Stay Discovery.

11        Through this motion—and for the reasons set forth in the attached memorandum of points

12  and authorities—Lorex seeks the following relief:  that the Court dismiss the First Amended Class

13  Action Complaint in its entirety and with prejudice.

14

15  Dated:  May 28, 2020                    FARELLA BRAUN + MARTEL LLP

16

17                                          By:  */s/ John Cooper*

18                                               John L. Cooper

19

20                                          CHOATE HALL & STEWART LLP

21

22                                          By:  */s/ Samuel Rudman*
                                                 Samuel N. Rudman

23
                                            Attorneys for Defendants LOREX CORPORATION
24                                          and DAHUA TECHNOLOGY USA INC.

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

38540\13150706.1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.      INTRODUCTION............................................................................................................... 1

II.     THE AMENDED COMPLAINT ....................................................................................... 3

III.    LEGAL STANDARD ........................................................................................................ 4

IV.     ARGUMENT ...................................................................................................................... 5

        A.      The Fraud Claims Fail as a Matter of Law ............................................................ 5

                1.      The Omission Theory Fails Because Plaintiffs Have Not Pled
                        That Lorex Knew of Any Allegedly Material Defect ................................. 6

                2.      Plaintiffs' Bricking Theory Fails Because It Depends on
                        Attributing OzVision's Conduct to Lorex ................................................. 9

                3.      Plaintiffs' Remedy Theory Fails Because They Have Not Pled
                        the Existence of a Duty to Provide Any Particular Remedy and
                        Have Omitted Any Reference to the Applicable Warranty ....................... 11

        B.      The Amended Complaint Does Not State a Claim for Trespass to
                Chattels ................................................................................................................. 13

        C.      The Amended Complaint Does Not State a Claim for Unjust
                Enrichment ............................................................................................................ 14

        D.      The Nationwide Class Allegations Should Be Dismissed ................................... 15

V.      CONCLUSION ................................................................................................................ 16

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First                    i                    38540\13150706.1
Amended Complaint Case No. 3:20-cv-01437-JSC

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Adams v. Johnson,*
    355 F.3d 1179 (9th Cir. 2004) ............................................................... 10

5

*Against Gravity Apparel, Inc. v. Quarterdeck Corp.,*
6    267 A.D.2d 44 (N.Y. App. Div. 1999).................................................. 12

7

*Allen v. Hyland's,*
    No. CV 12-01150 DMG (MANx), 2013 U.S. Dist. LEXIS 58768 (C.D. Cal.
8    Apr. 11, 2013).................................................................................... 8

9

*In re Apple & ATTM Antitrust Litig.,*
    No. C 07-05152 JW, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010) ...................... 13
10

*In re Arris Cable Modem Consumer Litig.,*
11    No. 17-CV-01834-LHK, 2018 U.S. Dist. LEXIS 1817 (N.D. Cal. Jan. 4, 2018) ..................... 5

12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................. 5

13

*Astiana v. Hain Celestial Grp., Inc.,*
14    783 F.3d 753 (9th Cir. 2015) ............................................................... 14

15

*Baba v. Hewlett Packard Co.,*
    No. C-09-5946 RS, 2012 U.S. Dist. LEXIS 154326 (N.D. Cal. Oct. 26, 2012) ...........2, 3, 4, 12
16

*Bell Atl. Corp. v. Twombly,*
17    550 U.S. 544 (2007)............................................................................. 5

18

*Borenkoff v. Buffalo Wild Wings, Inc.,*
    No. 16-cv-8532, 2018 U.S. Dist. LEXIS 8888 (S.D.N.Y. Jan. 19, 2018)............................. 15
19

*Carl v. Hamann,*
20    No. 16-03863, 2020 U.S. Dist. LEXIS 78138 (E.D.N.Y. Apr. 29, 2020).............................. 14

21

*In re Carrier IQ Inc. Consumer Privacy Litig.,*
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) .................................................. 15
22

*Corsello v Verizon N.Y., Inc.,*
23    967 N.E.2d 1177 (N.Y. 2012)................................................................14, 15

24

*Cummings v. FCA US LLC,*
    401 F. Supp. 3d 288 (N.D.N.Y. 2019) ...............................................7, 8, 9

25

*Daugherty v. Am. Honda Motor Co., Inc.,*
26    144 Cal. App. 4th 824 (Cal. Ct. App. 2006)........................................... 6

27

*Gale v. IBM,*
    9 A.D.3d 446 (N.Y. App. Div. 2004)....................................................10, 11

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................................. 9, 12

*Haynish v. Bank of Am., N.A.*,
No. 17-cv-01011-HRL, 2018 U.S. Dist. LEXIS 91274 (N.D. Cal. May 31,
2018) ..............................................................................................................................10, 11

*Hays v. City of New York*,
No. 14-10126, 2017 U.S. Dist. LEXIS 28090 (S.D.N.Y. Feb. 28, 2017) ...........................13, 14

*Hindsman v. GM LLC*,
No. 17-cv-05337-JSC, 2018 U.S. Dist. LEXIS 92319 (N.D. Cal. June 1, 2018)..............2, 7, 16

*Hoey v. Sony Elecs.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007) ............................................................... 6, 9

*Johnson v. Nissan N. Am., Inc.*,
272 F. Supp. 3d 1168 (N.D. Cal. 2017) ................................................................. 15

*Joslin v. Clif Bar & Co.*,
No. 18-4941, 2019 U.S. Dist. LEXIS 192100 (N.D. Cal. Aug. 26, 2019)................................ 5

*Junod v. Mortg. Elec. Registration Sys.*,
584 F. App'x 465 (9th Cir. 2014) ........................................................................... 10

*Kandel v. Brother Int'l Corp.*,
No. CV 08-1040 (DSF) (RCx), 2009 U.S. Dist. LEXIS 12881 (C.D. Cal. Feb.
13, 2009).......................................................................................................................... 14

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................................................. 5

*Kent v. Hewlett-Packard Co.*,
No. 09-5341 JF (PVT), 2010 U.S. Dist. LEXIS 76818 (N.D. Cal. Oct. 26, 2012) ................. 12

*Lusson v. Apple*,
No. 16-cv-00705-VC, 2016 U.S. Dist. LEXIS 199494 (N.D. Cal. June 20,
2016) ........................................................................................................................8, 9, 14, 15

*Mollicone v. Universal Handicraft, Inc.*,
No. 2:16-cv-07322-CAS(MRWx), 2017 U.S. Dist. LEXIS 14125 (C.D. Cal.
Jan. 30, 2017)................................................................................................................. 15

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd* 322 Fed. Appx. 489 (9th Cir. 2009)..................... 6

*Papasan v. Allain*,
478 U.S. 265 (1986)................................................................................................... 5

*Paschal v. Mazda Motor of Am., Inc.*,
No. SACV 14-0594 AG (JPRx), 2014 U.S. Dist. LEXIS 190426 (C.D. Cal.
Aug. 4, 2014) .................................................................................................................. 12

*Pirozzi v. Apple, Inc.*,
913 F. Supp. 2d 840 (N.D. Cal. 2012) ..................................................................... 5

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

iii

38540\13150706.1

*In re Sling Media Slingbox Advert. Litig.*,
 202 F. Supp. 3d 352 (S.D.N.Y. 2016), *aff'd* 719 Fed. App'x 28 (2d Cir. 2017)........................ 7

*Tortilla Factory, LLC v. Better Booch, LLC*,
 No. 2:18-cv-02980-CAS(SKx), 2018 U.S. Dist. LEXIS 156617 (C.D. Cal. Sept.
 13, 2018).............................................................................................................................. 5

*Wallace v. SharkNinja Operating LLC*,
 No. 18-cv-05221-BLF, 2020 U.S. Dist. LEXIS 40594 (N.D. Cal. Mar. 9, 2020).................. 7, 8

*Weisbuch v. County of Los Angeles*,
 119 F.3d 778 (9th Cir. 1997) ............................................................................................. 2

*Williams v. Yamaha Motor Co.*,
 851 F.3d 1015 (9th Cir. 2017) ........................................................................................ 2, 7

*Woods v. Maytag Co.*,
 No. 10-cv-0559, 2010 U.S. Dist. LEXIS 116595 (E.D.N.Y. Nov. 2, 2010) ............................ 9

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ................................................................... 4, 5

N.Y. Gen. Bus. Law § 349 ..........................................................................................4, 5, 7

N.Y. Gen. Bus. Law § 350 ........................................................................................... 4, 5

N.Y. Gen. Bus. Law § 350-a ............................................................................................ 5

**Other Authorities**

Fed. R. Civ. P. 8.............................................................................................................. 8

Fed. R. Civ. P. 9(b) ...................................................................................................... 5, 8

Fed. R. Civ. P. 12(b)(6).................................................................................................... 1

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3        Plaintiffs' failure to allege that Defendants either made a false statement or knowingly

4   failed to disclose some material defect that later caused their product to stop functioning is fatal to

5   their First Amended Class Action Complaint ("Amended Complaint").  According to the

6   Complaint, Plaintiffs purchased home security cameras ("the Cameras") from Lorex in 2015,

7   2017, and 2018.  Plaintiffs do not allege that Lorex made any false statements regarding the

8   Cameras before the sales.  The Cameras worked as advertised until August 2019.

9        In August 2019, the Cameras allegedly stopped working because a third party, OzVision,

10  stopped supporting a technology upon which the Cameras depended.  Plaintiffs do not allege that

11  Lorex knew, in advance of their purchases, that OzVision would stop supporting the relevant

12  technology months or years later.  Nor do Plaintiffs allege that, in August 2019, Lorex caused or

13  was otherwise responsible for OzVision's unilateral decision to cease service to the Cameras.

14  Following OzVision's cessation of service, Lorex offered customers a replacement camera of a

15  different model or a store credit.

16       Plaintiffs nevertheless sued Lorex—not OzVision—for consumer fraud, trespass to

17  chattels, and unjust enrichment.  All of Plaintiffs' claims depend on some combination of three

18  theories:  (i) Lorex should have disclosed to consumers that there was "no guarantee" that

19  OzVision would continue supporting the Cameras (the "omission theory"); (ii) Lorex

20  "intentionally render[ed]" the Cameras inoperative (the "bricking theory"); and (iii) Lorex's offer

21  of a replacement camera or store credit was an "inadequate" remedy (the "remedy theory").  *See,*

22  *e.g.*, FAC ¶¶ 42, 44-45, 50-52, 56, 59, 61-62, 65-66, 71, 74-75, 79, 86, 88.

23       The question presented by this motion is whether any of those theories state a claim in

24  light of Plaintiffs' factual allegations.  Under the familiar standards that govern claims of

25  consumer fraud, they do not.  Although Plaintiffs have artfully crafted the Amended Complaint to

26  omit facts that foreclose their claims, those omissions—and the facts that the Amended Complaint

27  does include—nevertheless confirm that the Amended Complaint should be dismissed.

28       First, Plaintiffs' omission theory fails because they make no attempt to plead facts that

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First                    1                    38540\13150706.1
Amended Complaint Case No. 3:20-cv-01437-JSC

even remotely suggest that Lorex knew OzVision would stop supporting the relevant technology in advance of any purchase months or years later. This Court and others have repeatedly held that "to plead a consumer fraud claim for failing to disclose a defect," the plaintiff must allege "*that the manufacturer knew of the defect at the time a sale was made.*" *See, e.g.*, *Hindsman v. GM LLC*, No. 17-cv-05337-JSC, 2018 U.S. Dist. LEXIS 92319, at *34 (N.D. Cal. June 1, 2018) (Corley, J.) (emphasis added) (quoting *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017)). The allegation that Lorex failed to disclose "that there was no guarantee that OzVision would continue to provide P2P services for Defendants" is no substitute for specific knowledge of a material defect. FAC ¶ 56.

Second, Plaintiffs' bricking theory fails because the Amended Complaint makes clear that OzVision—and not Lorex—was responsible for the relevant cessation of service. Plaintiffs allege that Lorex "intentionally render[ed]" the Cameras "non-functional" by depriving the Cameras of the "App support" they required to function. FAC ¶ 56. That theory, however, runs headlong into the familiar rule that a plaintiff can plead herself out of court. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997). According to the Amended Complaint, it was OzVision that "bricked" the Cameras. In 2019, OzVision "ceas[ed] to provide P2P functionality and services that were used by [the Cameras]. *As a result of this cessation in services*, [the Cameras] could no longer connect to the Apps," which caused the Cameras "to cease functioning." FAC ¶¶ 10-12 (emphasis added). Plaintiffs do not—and cannot—supply any reason why Defendants should be held liable for OzVision's unilateral cessation of service. Merely re-labeling OzVision's acts as the "intentional" conduct of Lorex is not sufficient to state a claim against Lorex.

Finally, Plaintiffs claim that Lorex offered them an "inadequate" remedy following OzVision's cessation of service fails because the Amended Complaint alleges no facts giving rise to a duty to offer a more generous remedy. When assessing whether a defendant's alleged failure to repair or replace a product constitutes consumer fraud, courts routinely compare the defendant's alleged conduct to the representations it made in its warranty. *See, e.g.*, *Baba v. Hewlett Packard Co.*, No. C-09-5946 RS, 2012 U.S. Dist. LEXIS 154326, at *27 (N.D. Cal. Oct. 26, 2012). The

1   Amended Complaint, however, does not allege that any warranty exists, let alone that Lorex

2   violated it—presumably because the applicable warranty contains an arbitration clause and a class

3   waiver (as discussed further in Defendants' contemporaneously filed Motion to Compel Individual

4   Arbitration and Stay Discovery ("the Motion to Compel")).  So, while the terms of the warranty

5   are not before the Court on this Motion to Dismiss, Plaintiffs' decision to omit the warranty from

6   the Amended Complaint nevertheless forecloses their inadequate remedy theory.

7        Ultimately, Plaintiffs' attempts to evade the familiar pleading standards that govern

8   consumer fraud claims and the effect of the warranty fail.  Defendants' primary request, as set

9   forth in the Motion to Compel, is that this Court enforce the parties' arbitration agreement.

10   Insofar as any of Plaintiffs' claims are permitted to proceed before this Court, however, they fail

11   for the reasons that follow.

12   **II.    THE AMENDED COMPLAINT**

13        The Amended Complaint alleges the following facts, which are accepted as true solely for

14   the purpose of this Motion:

15        The Plaintiffs are Gerald Soo and Matthew Lauinger.  Mr. Soo owns five Flir FX Indoor

16   Series Cameras.  FAC ¶ 24.  He purchased two of his Cameras in 2015 and the other three in 2017

17   and 2018.  *Id.* Mr. Lauinger purchased one Camera in 2018.  *Id.* ¶ 25.

18        Before purchasing the Cameras, Plaintiffs allege that they "saw and reviewed the features

19   of the Flir Cameras."  *Id.* ¶¶ 24-25.  These features included "Cloud Recording" and "Rapid

20   Recap" (collectively, the "Features").  *Id.*  "Cloud Recording" meant that the Cameras could

21   record footage "to the cloud"—i.e., store videos wirelessly over the internet.  *Id.* ¶ 2.  "Rapid

22   Recap" meant that the Cameras could give viewers a "time-stamped time-lapse video" of any

23   activity they recorded.  *Id.*

24        To function properly, these Features depended on certain applications (the "Apps").  *Id.* ¶ 7.

25   The Apps, in turn, relied upon "P2P functionality and services" that were provided by a third party,

26   OzVision.  *Id.* ¶ 10.  So long as OzVision supported the Apps, the Features worked as Plaintiffs

27   expected they would.  *See id.* ¶¶ 24-25 (alleging that Plaintiffs' Cameras "were functional until

28   August 2019").

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First        3        38540\13150706.1
Amended Complaint Case No. 3:20-cv-01437-JSC

1    In August 2019, however, OzVision stopped supporting the Apps.  *See id.* ¶ 10 (explaining

2    that "Lorex's technology provider, OzVision, ceas[ed] to provide P2P functionality and services

3    that were used by all Flir Cameras").  Once the Apps stopped working, so too did the Features.  *Id.*

4    ("As a result of [OzVision's] cessation in services, the Flir Cameras could no longer connect to the

5    Apps.").  Lorex responded by offering customers either a free replacement camera of a different

6    type or a store credit of $120.00.  *Id.* ¶ 15.

7    In sum, Plaintiffs' Cameras had the Features that they read about when they purchased

8    them, beginning in 2015.  *See id.* ¶¶ 24-25.  The Cameras and the Features operated properly for

9    years thereafter.  *See id.*  The Features stopped working only when a third party outside of Lorex's

10   control, OzVision, ceased supporting a necessary underlying technology in August 2019.  *Id.* ¶ 10.

11   The Amended Complaint contains no allegations suggesting that Lorex was in any way

12   responsible for OzVision's cessation of service.  For example, the Amended Complaint does not

13   allege that Lorex defaulted on its obligations to OzVision, or encouraged OzVision to stop

14   supporting the relevant technology, or compelled OzVision to stop supporting the Apps.

15   According to the Amended Complaint, OzVision's decision to stop supporting the Cameras was

16   OzVision's alone.

17   Nevertheless, on the basis of those factual allegations, Plaintiffs conclude that Lorex—not

18   OzVision—"intentionally 'bricked' or rendered [Plaintiffs'] Flir Cameras nonfunctional."  *Id.* ¶ 1.

19   Plaintiffs therefore claim that Lorex perpetrated a "fraud[]" on purchasers of the Cameras.  *Id.*

20   ¶ 64.  The Amended Complaint contains five counts.  It includes three statutory fraud claims

21   (collectively, "the Fraud Claims"): one under California's Unfair Competition Law, Cal. Bus. &

22   Prof. Code §§ 17200 *et seq.* (the "UCL"), one under New York's Consumer Protection Act, N.Y.

23   Gen. Bus. Law § 349 (the "CPA"), and one under New York's false advertising law, N.Y. Gen.

24   Bus. Law § 350 (the "FAL").  The Amended Complaint also claims that Defendants committed

25   the tort of trespass to chattels and asserts a claim for unjust enrichment.  As explained below, each

26   of these claims fails as a matter of law.

27   **III.    LEGAL STANDARD**

28   To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC                4                38540\13150706.1

1   accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

2   662, 678 (2009) (internal quotations omitted).  The Court need not accept as true a mere

3   "recitation of the elements of a cause of action," and should not credit a "legal conclusion couched

4   as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan*

5   *v. Allain*, 478 U.S. 265, 286 (1986)).

6        When, as here, the claims sound in fraud, the complaint must comply with the heightened

7   pleading standard of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires that a plaintiff "state

8   with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  That means the

9   complaint must allege "the who, what, when, where, and how of the misconduct charged."

10  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations omitted);

11  *Tortilla Factory, LLC v. Better Booch, LLC*, No. 2:18-cv-02980-CAS(SKx), 2018 U.S. Dist.

12  LEXIS 156617, at *20 (C.D. Cal. Sept. 13, 2018).

13       Rule 9(b) applies to any claim that is "grounded in" or "sound[s] in" fraud, including

14  claims under the UCL, the CPA, and the FAL.  *Kearns*, 567 F.3d at 1125; *Pirozzi v. Apple, Inc.*,

15  913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) ("Plaintiff's claims under the UCL [and other statutes]

16  . . . sound in fraud, and are subject to the heightened pleading requirements of Rule 9(b)."); *Joslin*

17  *v. Clif Bar & Co.*, No. 18-4941, 2019 U.S. Dist. LEXIS 192100, at *15-16, *21-25 (N.D. Cal.

18  Aug. 26, 2019) (applying Rule 9(b) to CPA and FAL claims because they sounded in fraud).  Rule

19  9(b) applies to such claims regardless of whether the claim alleges fraudulent misstatements or

20  fraudulent omissions.  *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018

21  U.S. Dist. LEXIS 1817, at *23 (N.D. Cal. Jan. 4, 2018).

22  **IV.   ARGUMENT**

23       **A.   The Fraud Claims Fail as a Matter of Law.**

24       The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]."  Cal.

25  Bus. & Prof. Code § 17200.  The CPA prohibits "[d]eceptive acts or practices in the conduct of

26  any business."  N.Y. Gen. Bus. Law § 349(a).  And the FAL forbids "[f]alse advertising in the

27  conduct of any business," which is defined as advertising that "is misleading in a material

28  respect."  N.Y. Gen. Bus. Law §§ 350, 350-a.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

5

38540\13150706.1

1    The Amended Complaint attempts to plead that Defendants violated these statutes in three

2   ways.  First, Plaintiffs allege that Defendants violated each of these statutes via an allegedly

3   fraudulent omission:  by failing to disclose "that App support for [the Cameras] was contingent on

4   Defendants' contract with OzVision for P2P services, and that there was no guarantee that

5   OzVision would continue to provide P2P services for Defendants."  FAC ¶ 56 (UCL), ¶ 71 (CPA),

6   ¶ 79 (FAL).  Second, Plaintiffs allege that Defendants "intentionally render[ed] the Flir Cameras .

7   . . non-functional by depriving the Flir Cameras of App support."  *Id.* ¶ 56 (UCL), ¶ 71 (CPA).

8   And finally, Plaintiffs assert that Defendants should be liable because they "provid[ed] an

9   inadequate and temporary refund remedy."  *Id.* ¶ 56 (UCL), ¶ 71 (CPA).

10    For the reasons that follow, none of these theories states a claim for relief.  The omission

11   theory fails because the Amended Complaint does not allege that Lorex knew, at the time of any

12   sale, that OzVision would stop supporting the relevant technology.  The bricking theory fails

13   because it depends on holding Defendants liable for OzVision's conduct, and no well-pleaded

14   facts provide any basis for doing so.  Finally, the remedy theory fails because Plaintiffs have not

15   plausibly alleged that Defendants were obliged to provide any remedy at all—let alone a more

16   generous one than they did—and any such obligation could potentially arise only from the

17   product's warranty, which Plaintiffs omitted from their Amended Complaint.  The Fraud Claims

18   therefore should be dismissed.

### 1.    The Omission Theory Fails Because Plaintiffs Have Not Pled That Lorex Knew of Any Allegedly Material Defect.

21    The Amended Complaint fails to plead that Lorex made any material omissions.  Where a

22   UCL claim is premised on an omission, and there has been no affirmative misrepresentation, the

23   plaintiff must plead that the omission concerned a material fact "that the defendant was obliged to

24   disclose."  *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835, 838 (Cal. Ct.

25   App. 2006); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969, 973 (N.D. Cal. 2008),

26   *aff'd* 322 Fed. Appx. 489 (9th Cir. 2009).  California law, however, does not require companies to

27   predict the future, so there is no general duty to anticipate and disclose any problem that could

28   arise during the life of a product.  *Hoey v. Sony Elecs.*, 515 F. Supp. 2d 1099, 1105 (N.D. Cal.

2007) ("There is no authority that provides that the mere sale of a consumer electronics product in California can create a duty to disclose any defect that may occur during the useful life of the product."). Defendants therefore are required to disclose only those material defects of which they are aware at the time of the sale. *See, e.g.*, *Hindsman*, 2018 U.S. Dist. LEXIS 92319, at *34.

So, "[t]o plead a consumer fraud claim for failing to disclose a defect," the plaintiff must allege "*that the manufacturer knew of the defect at the time a sale was made*." *Id.* (emphasis added) (quoting *Williams*, 851 F.3d at 1025). Crucially, Plaintiffs must allege that Defendants knew "of the specific defect alleged,"—i.e., the one that caused the consumer's alleged injury— "not a general problem with the product at issue." *Wallace v. SharkNinja Operating LLC*, No. 18-cv-05221-BLF, 2020 U.S. Dist. LEXIS 40594, at *27 (N.D. Cal. Mar. 9, 2020).

Under New York law, Plaintiffs must satisfy precisely the same knowledge requirement to plead an omission-based claim under the CPA and the FAL. "[P]laintiffs pursuing an omission-based claim must plausibly allege[] that the . . . [d]efendants *had knowledge* of the [material information] and failed to disclose or actively concealed such information[.]" *In re Sling Media Slingbox Advert. Litig.*, 202 F. Supp. 3d 352, 359-60 (S.D.N.Y. 2016) (quotations omitted) (dismissing a CPA claim that failed to allege knowledge), *aff'd*, *Heskiaoff v. Sling Media, Inc.*, 719 Fed. App'x 28, 31-32 (2d Cir. 2017); *see Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 307-09 (N.D.N.Y. 2019) (dismissing omission-based CPA and FAL claims for failure to plausibly plead knowledge of the defect at the time of the sale). At a minimum, a plaintiff claiming she was deceived into buying a defective product must allege that, prior to the relevant purchase, the defendant knew of "the defect" that she experienced. *Cummings*, 401 F. Supp. 3d at 307. By contrast, "a defendant's failure to reveal facts about which even it was unaware at the time will not lead to liability under § 349." *In re Sling Media Slingbox Advert. Litig.*, 202 F. Supp. 3d at 359; *see Cummings*, 401 F. Supp. 3d at 307-09.

The Amended Complaint does not plead—or even attempt to plead—that Lorex knew of the problem that ultimately caused the Cameras to stop working. That is, the Amended Complaint never alleges that Lorex knew, in advance of any sale, that OzVision would stop supporting the Features. It likewise contains no well-pleaded facts that could give rise to a plausible inference

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

7

38540\13150706.1

1   that Lorex had the requisite knowledge.  The Amended Complaint thus cannot satisfy even the

2   general pleading standards of Rule 8, let alone the more stringent requirements of Rule 9(b), for it

3   does not assert that Lorex knew of the allegedly material defect at the relevant time.  *See, e.g.*,

4   *Lusson v. Apple*, No. 16-cv-00705-VC, 2016 U.S. Dist. LEXIS 199494, at *1, *7-8 (N.D. Cal.

5   June 20, 2016); *Cummings*, 401 F. Supp. 3d at 307.

6          Because Plaintiffs do not allege that Lorex knew of the relevant problem at the relevant

7   time, Plaintiffs attempt to tie their omission theory to something other than the actual problem that

8   gave rise to their claims (i.e., OzVision's cessation of service).  Instead of alleging that Lorex

9   knew that OzVision would stop supporting the Cameras, they claim Defendants should have

10  disclosed that "there was no guarantee that OzVision would continue to provide P2P services for

11  Defendants."  FAC ¶¶ 56, 71, 79.  But Defendants had no duty to make such a disclosure, because

12  the absence of a guarantee of perpetual service is no substitute for knowledge of a specific,

13  material defect.

14         To state a claim for consumer fraud, plaintiffs must plead knowledge "of the specific

15  defect alleged, not a general problem with the product at issue."  *Wallace*, 2020 U.S. Dist. LEXIS

16  40594, at *27 (N.D. Cal. Mar. 9, 2020); *see Cummings*, 401 F. Supp. 3d at 307 (holding that

17  plaintiff failed to plead that defendant knew about "the transmission problem *she* experienced")

18  (emphasis added).  But the absence of a guarantee is not even a "general problem"; indeed absent

19  additional allegations, it is not a "defect" at all.  *See, e.g.*, *Allen v. Hyland's*, No. CV 12-01150

20  DMG (MANx), 2013 U.S. Dist. LEXIS 58768, at *15 (C.D. Cal. Apr. 11, 2013) (observing that a

21  "defect" is "the fact of being wanting or falling short; a blemish [or] flaw").  The Amended

22  Complaint does not allege that, at the time of any sale, Lorex regarded (or reasonably should have

23  regarded) its relationship with OzVision as a material defect.  Plaintiffs therefore cannot escape

24  pleading knowledge of the actual problem that allegedly caused their injuries by instead relying on

25  the failure to disclose the absence of a "guarantee."

26         The rule against allowing omission claims to proceed on the basis of general, potential, or

27  unknown problems is both correct as a matter of law and practically important.  Under any

28  alternative rule, plaintiffs could avoid pleading knowledge of a defect by simply pleading instead

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC                8                38540\13150706.1

that the defendant was required to disclose there was "no guarantee" that the defect would not occur. For example, in *Lusson v. Apple*, the plaintiff alleged that Apple had "bricked" cell phones by failing to disclose a particular error that rendered the phones "completely inoperable and unusable." 2016 U.S. Dist. LEXIS 199494, at *1, *5. Lusson failed to allege, however, that Apple "knew of [the] alleged risk"—i.e., that the particular error would occur. *Id.* at *7. The Court therefore dismissed the complaint. *Id.*; *cf. Woods v. Maytag Co.*, No. 10-cv-0559, 2010 U.S. Dist. LEXIS 116595, at *40-45 (E.D.N.Y. Nov. 2, 2010) (holding the allegation that defendant "knowingly misrepresented material facts regarding the safety and use of [the] Maytag oven" was insufficient to plead knowledge of the alleged defect with oven's igniter mechanism). Plaintiffs' theory would apply just as squarely to *Lusson* as it does here: under Plaintiffs' view, it should have sufficed for Lusson to allege that Apple failed to disclose that "there was no guarantee" that the defect would not occur. Indeed, after a problem with a consumer product arises, a plaintiff *always* will be able to allege that defendant should have disclosed there was "no guarantee" that the problem would not occur. Such an allegation, however, is no substitute for facts plausibly establishing knowledge of the specific material defect Plaintiffs experienced, as required under the UCL, the CPA, and the FAL. *See, e.g.*, *Hoey*, 515 F. Supp. 2d at 1105-06; *Cummings*, 401 F. Supp. 3d at 307. Plaintiffs' omission claim therefore fails as a matter of law.

### 2. Plaintiffs' Bricking Theory Fails Because It Depends on Attributing OzVision's Conduct to Lorex.

At first glance, Plaintiffs' bricking theory is straightforward: Lorex "intentionally render[ed] the Flir Cameras of [Plaintiffs] and Class Members non-functional by depriving the Flir Cameras of App support." FAC ¶¶ 56, 71. The problem with that theory, however, is simpler still. It runs headlong into Plaintiffs' own allegations that OzVision—rather than Lorex—was responsible for the relevant cessation of service that rendered the Cameras inoperable. FAC ¶¶ 10-11.

On a motion to dismiss, the Court must take well-pleaded factual allegations as true. That generous standard, however, cuts both ways. A plaintiff "may plead herself out of court if she pleads facts which establish that she cannot prevail on her claim." *Hadley v. Kellogg Sales Co.*,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

9

38540\13150706.1

1   243 F. Supp. 3d 1074, 1085 (N.D. Cal. 2017) (internal quotations and alterations omitted).  And

2   the Court need not accept as true allegations that depend on labels and legal conclusions.  *See*

3   *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

4          To state a claim under the UCL and the CPA, the Amended Complaint's factual

5   allegations—rather than its labels and legal conclusions—must plausibly show that Lorex's

6   conduct caused Plaintiffs' alleged injury.  *Junod v. Mortg. Elec. Registration Sys.*, 584 F. App'x

7   465, 468-69 (9th Cir. 2014) (affirming dismissal of UCL claims where the complaint failed to

8   plead that the plaintiff's injury "was the result of, i.e., *caused by*, the unfair business practice")

9   (internal quotations omitted); *Gale v. IBM*, 9 A.D.3d 446, 447 (N.Y. App. Div. 2004) (dismissing

10  CPA claim for "fail[ure] to plead causation with sufficient specificity").  That is, if a plaintiff

11  alleges that she would have "suffered the same harm" regardless of the defendant's conduct, then

12  the plaintiff has failed to plead causation.  *See, e.g.*, *Haynish v. Bank of Am., N.A.*, No. 17-cv-

13  01011-HRL, 2018 U.S. Dist. LEXIS 91274, at *17-18 (N.D. Cal. May 31, 2018) (dismissing UCL

14  claim where plaintiffs failed to allege that defendant's conduct was "the but-for cause" of their

15  injury).

16         The Amended Complaint repeatedly claims that Lorex, rather than OzVision,

17  "intentionally render[ed]" the Cameras "non-functional by depriving the [Cameras] of App

18  support."  *See, e.g.*, FAC ¶ 56.  That conclusory labelling, however, must yield to the Amended

19  Complaint's well-pleaded factual allegations about what actually happened in August 2019.  *See,*

20  *e.g.*, *Adams*, 355 F.3d at 1183.  The relevant factual allegations leave no doubt about why the

21  Cameras stopped working.

22         Plaintiffs' Cameras worked as advertised until August 2019.  FAC ¶ 24 ("Mr. Soo's Flir

23  Cameras were functional until August 2019 . . . ."); *id.* ¶ 25 ("Mr. Lauinger's Flir Camera was

24  functional until August 2019 . . . .").  In August 2019, however, OzVision "ceas[ed] to provide

25  P2P functionality and services that were used by all Flir Cameras.  *As a result of this cessation in*

26  *services*, [the Cameras] could no longer connect to the Apps."  *Id.* ¶ 10 (emphasis added).

27  Because the Cameras "require the Apps to function, cutting off App support caused the Flir

28  Cameras to cease working entirely."  *Id.* ¶ 11.  Paragraphs 10 and 11 of the Amended Complaint

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First          10
Amended Complaint Case No. 3:20-cv-01437-JSC

38540\13150706.1

1    thus make plain that OzVision—and not Lorex—chose to stop supporting the relevant technology.

2    So, according to Plaintiffs' own allegations, it was solely because of OzVision's cessation of

3    service that the Cameras could no longer connect to the Apps and therefore allegedly stopped

4    working—as opposed to a material defect in the Cameras that was known by, and proximately

5    caused by, Lorex. *Id.* ¶¶ 10-11.

6         The Amended Complaint does not allege any facts that would justify attributing

7    OzVision's conduct to Lorex.  The Amended Complaint does not—and cannot—allege that Lorex

8    directed OzVision to stop supporting the Cameras.  Similarly, it does not identify any way in

9    which Lorex was responsible for OzVision's unilateral decision.  This is not a case, for example,

10   in which it is alleged that Lorex breached its obligations to OzVision, so OzVision stopped

11   providing the relevant service.  This is a case in which the Amended Complaint's factual

12   allegations demonstrate that OzVision—and OzVision alone—was responsible for the decision

13   that allegedly caused the Cameras to stop working.  *Id.*  The Amended Complaint therefore fails to

14   plead, as required, that Lorex caused the injury that is the subject of this case.  *See, e.g.*, *Haynish*,

15   2018 U.S. Dist. LEXIS 91274, at *17-18 (dismissing UCL claim where plaintiffs failed to allege

16   that defendant's conduct was "the but-for cause" of their injury); *Gale*, 9 A.D.3d at 447

17   (dismissing CPA claim where alleged misrepresentations "could not have been the cause of

18   [plaintiff's] injury," as the plaintiff failed to allege that "he saw any of [defendant's] statements

19   before he purchased [the product]").

20              **3.      Plaintiffs' Remedy Theory Fails Because They Have Not Pled the
                          Existence of a Duty to Provide Any Particular Remedy and Have
21                        Omitted Any Reference to the Applicable Warranty.**

22        The third and final basis for Plaintiffs' consumer fraud claims is their allegation that Lorex

23   provided "an inadequate and temporary refund remedy."  FAC ¶¶ 56, 71.  The fatal deficiency

24   with this theory, however, is that the alleged inadequacy depends on the terms of Lorex's

25   warranty, which Plaintiffs have intentionally omitted from the Amended Complaint.  Absent

26   allegations about Lorex's obligations under the warranty, Plaintiffs cannot plausibly allege that

27   Lorex violated any legal duty that it owed to them.

28        When consumers assert failure-to-repair claims under consumer fraud statutes, courts

Farella Braun + Martel LLP
235 Montgomery Street, 17ᵗʰ Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First          11          38540\13150706.1
Amended Complaint Case No. 3:20-cv-01437-JSC

compare the defendant's alleged conduct to the commitments it made in the applicable warranty. For example, a plaintiff can state a claim under the UCL if she alleges that the defendant failed to discharge its obligations under an express warranty and that its failure to do so was "not outweighed by any countervailing benefits to consumers or competition." *See, e.g.*, *Kent v. Hewlett-Packard Co.*, No. 09-5341 JF (PVT), 2010 U.S. Dist. LEXIS 76818, at *32 (N.D. Cal. Oct. 26, 2012).  An alleged failure to repair does not state a claim, however, unless it was required by a warranty or some other law.  *See Baba*, 2012 U.S. Dist. LEXIS 154326, at *27 ("Since HP did not breach Baba's express warranty, she likewise cannot advance a UCL claim premised on such an injury."); *Paschal v. Mazda Motor of Am., Inc.*, No. SACV 14-0594 AG (JPRx), 2014 U.S. Dist. LEXIS 190426, at *12-13 (C.D. Cal. Aug. 4, 2014) (dismissing UCL claim premised on an allegedly unfair refusal to repair where the relevant repair was not "owed under the Warranty"); *Against Gravity Apparel, Inc. v. Quarterdeck Corp.*, 267 A.D.2d 44, 44 (N.Y. App. Div. 1999) (dismissing CPA claim based on alleged failure to disclose that computer was not "Y2K compliant," because the plaintiff used the computer without problems through the warranty period, and the problems she ultimately experienced would not have been covered under the warranty anyway).

Here, Plaintiffs acknowledge that, in the wake of OzVision's cessation of service, Lorex offered a free "replacement camera" or a "store discount" of $120.00.  FAC ¶ 15.  Plaintiffs contend, however, that Defendants were required to go further, by either "creat[ing] their own P2P software to replace OzVision['s]," or "partner[ing] with another third-party vendor," or providing a replacement camera with different features or a larger store credit.  *Id.* ¶¶ 13-19.  But Plaintiffs have failed to allege any facts that could give rise to such a duty.  If Plaintiffs contend that the duty arises from the warranty, then they must plead both the existence of the warranty—which contains an agreement to arbitrate and a class waiver—and that the Defendants failed to comply with their obligations thereunder.  *See, e.g.*, *Baba*, 2012 U.S. Dist. LEXIS 154326, at *27; *Against Gravity*, 267 A.D.2d at 44.  If Plaintiffs allege that the duty arises from some other law, then they must plead the existence of that other law and plausibly allege that Lorex violated it.  *See, e.g.*, *Hadley*, 243 F. Supp. 3d at 1085 ("If a plaintiff cannot state a claim under the predicate law,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

12

38540\13150706.1

1   however, the UCL claim also fails.") (internal quotations and alterations omitted).

2       Plaintiffs have done neither.  The Amended Complaint never refers to Lorex's warranty,

3   and it does not allege that Lorex's remedial program was inadequate in light of any other law.

4   Plaintiffs have therefore failed to plausibly allege that Lorex was obliged to offer a more generous

5   remedy than it did.

6       **B.     The Amended Complaint Does Not State a Claim for Trespass to Chattels.**

7       Plaintiffs' trespass claim fails for substantially the same reasons as their bricking theory,

8   because it depends on attributing the intentional conduct of OzVision to Lorex.  To state a claim

9   for trespass under California and New York law, a plaintiff must allege that the defendant's

10  "intentional interference with the possession of [her] personal property" caused the plaintiff to

11  suffer an injury.  *See, e.g.*, *In re Apple & ATTM Antitrust Litig.*, No. C 07-05152 JW, 2010 U.S.

12  Dist. LEXIS 98270, at *20 (N.D. Cal. July 8, 2010) (internal quotations omitted); *Hays v. City of*

13  *New York*, No. 14-10126, 2017 U.S. Dist. LEXIS 28090, at *11-12 (S.D.N.Y. Feb. 28, 2017).  The

14  plaintiff therefore must allege at least that the defendant's interference caused the plaintiff's injury

15  and that the defendant intended or knew that such injury would result from its actions.  *In re Apple*

16  *& ATTM Antitrust Litig.*, 2010 U.S. Dist. LEXIS 98270, at *20; *Hays*, 2017 U.S. Dist. LEXIS

17  28090, at *11-12.

18      Neither the particular allegations relating to the trespass claim nor the Amended

19  Complaint's factual allegations more generally plead that Lorex caused the relevant "interference"

20  at all, let alone that it acted with the required "intent" to interfere.  For example, Plaintiffs state in

21  a conclusory manner that "Defendants' interference . . . actually and substantially harmed the

22  functioning of the Flir Cameras," and that "Defendants knew and intended that their conduct

23  would cause injury to Plaintiffs[.]"  FAC ¶¶ 44-45.  But the actual facts alleged in the Amended

24  Complaint show nothing of the kind.

25      As discussed above, the Cameras allegedly stopped working "as a result of" OzVision's

26  cessation of service.  *See supra* at pp. 10-12.  The Amended Complaint does not allege that Lorex

27  caused—let alone intended—for OzVision to cease providing service, nor does it allege any other

28  act by Lorex that could qualify as "intentional interference" with Plaintiffs' possession of the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

13

38540\13150706.1

Cameras.  *See, e.g.*, *Kandel v. Brother Int'l Corp.*, No. CV 08-1040 (DSF) (RCx), 2009 U.S. Dist. LEXIS 12881, at *3-4 (C.D. Cal. Feb. 13, 2009) (dismissing a trespass claim where the plaintiff failed to allege "anything after the sale . . . to effect a trespass"); *Carl v. Hamann*, No. 16-03863, 2020 U.S. Dist. LEXIS 78138, at *22 (E.D.N.Y. Apr. 29, 2020) (dismissing trespass claim where the defendant did not "physically interfere[] with [plaintiff's] property"); *Hays*, 2017 U.S. Dist. LEXIS 28090, at *11-12 (dismissing trespass claim because the plaintiff "fail[ed] to allege any facts in support of her conclusory assertion that retention of her personal property was 'intentional'").  Absent well-pleaded factual allegations showing that Lorex deliberately took some intentional or knowing act to injure the Cameras, Plaintiffs cannot plead a plausible claim of trespass.

### C.   The Amended Complaint Does Not State a Claim for Unjust Enrichment.

Plaintiffs' unjust enrichment claim proceeds along the same lines as Plaintiffs' other claims, and fails for the same reasons.  The Amended Complaint includes no factual allegations that are specific to the unjust enrichment claim.  *See* FAC ¶¶ 47-53.  Instead, the unjust enrichment claim depends on two of Plaintiffs' consumer fraud theories:  the bricking theory and the inadequate remedy theory.  *See id.* ¶ 52 ("The unjust enrichment claim is not based solely on Defendants' bricking of the Flir Cameras, but also based on Defendants' decision to put their own profits first by offering an inadequate replacement program.").

Those allegations do not state a cognizable claim for unjust enrichment.  Under California law, "there is not a standalone cause of action for unjust enrichment."  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotations omitted).  Instead, an unjust enrichment claim "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request," which sometimes can proceed as a quasi-contract claim for restitution.  *Id.* (internal quotations omitted).  Where a claim for restitution duplicates the relief sought by a UCL claim and proceeds on the same theory, the unjust enrichment claim should "rise and fall with the underlying, substantive claim[] on which [it] rel[ies]."  *Lusson*, 2016 U.S. Dist. LEXIS 199494, at *8-9.  Under New York law, courts dismiss unjust enrichment claims where they "simply duplicate[]" CPA or other tort claims.  *Corsello v*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First
Amended Complaint Case No. 3:20-cv-01437-JSC

14

38540\13150706.1

1  *Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012) (dismissing unjust enrichment claim as

2  duplicative of surviving trespass claim); *see Borenkoff v. Buffalo Wild Wings, Inc.*, No. 16-cv-

3  8532, 2018 U.S. Dist. LEXIS 8888, at *12-13 (S.D.N.Y. Jan. 19, 2018) (dismissing unjust

4  enrichment claim because the allegations were "entirely duplicative" of the plaintiff's failed CPA

5  claim).

6          Here, Plaintiffs already seek the same remedies for their Fraud Claims—including

7  restitution—that they seek through their unjust enrichment claim.  *See, e.g.*, FAC ¶¶ 53, 68.

8  Moreover, the unjust enrichment claim depends on the same theories as the Fraud Claims, and

9  therefore fails for the same reasons:  the Amended Complaint's factual allegations show that

10 Lorex did not "brick" the cameras, and Plaintiffs have not alleged that Lorex had any duty to offer

11 a more generous remedy.  *See supra* Sections IV.A.2 & IV.A.3.  Plaintiffs' unjust enrichment

12 claim therefore should be dismissed.  *See Corsello*, 967 N.E.2d at 1185; *Lusson*, 2016 U.S. Dist.

13 LEXIS 199494, at *7-9.

14          **D.          The Nationwide Class Allegations Should Be Dismissed.**

15          Insofar as any of Plaintiffs' claims are permitted to proceed before this Court, they should

16 not be permitted to proceed on behalf of a putative nationwide class.  The named Plaintiffs reside,

17 and presumably purchased their Cameras, in only two of the 50 states.  *See* FAC ¶¶ 24-25

18 (alleging that Soo resides in California, and that Lauinger resides and purchased his Camera in

19 New York).  Plaintiffs nevertheless purport to represent a nationwide class of "all persons in the

20 United States who purchased" the Cameras.  *Id.* ¶ 32.

21          Soo and Lauinger do not have standing to bring state law claims on behalf of residents of

22 the other 48 states.  That is because Soo and Lauinger do not and cannot allege that they suffered

23 any injury under the laws of a state where they do not reside and did not purchase a camera.  *See,*

24 *e.g.*, *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175-76 (N.D. Cal. 2017) (holding that

25 two plaintiffs from two states "do not have standing to maintain a nationwide class action"); *In re*

26 *Carrier IQ Inc. Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) ("[T]he

27 Court finds the named Plaintiffs do not have standing to assert claims from states in which they do

28 not reside or did not purchase [the product].");  *Mollicone v. Universal Handicraft, Inc.*, No. 2:16-

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First          15          38540\13150706.1
Amended Complaint Case No. 3:20-cv-01437-JSC

1  cv-07322-CAS(MRWx), 2017 U.S. Dist. LEXIS 14125, at *28 (C.D. Cal. Jan. 30, 2017) ("Courts

2  routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class

3  seeks to enforce.") (internal quotations and alterations omitted).  On the contrary, "[t]he majority

4  of courts in the Northern District of California have held that such claims should be dismissed for

5  lack of standing."  *Hindsman*, 2018 U.S. Dist. LEXIS 92319, at *46-47.

6       This Court previously has treated the question of whether to dismiss nationwide class

7  allegations at the pleading stage as one of discretion rather than standing.  *See id.* at *47-49.

8  Under that approach, too, dismissal is the proper course.  Here, as in *Hindsman*, there is no special

9  reason why it would be "appropriate to proceed with a nationwide class based on the laws of all 50

10  states without a named plaintiff from each of those states."  *See id.* at *48.  Accordingly, whether

11  as a matter of standing or discretion, Plaintiffs' nationwide class allegations should be dismissed.

12  **V.     CONCLUSION**

13       The Amended Complaint fails to allege sufficient facts to state a claim.  Lorex had no

14  obligation to disclose the absence of a guarantee of a perpetually problem-free product;

15  OzVision—not Lorex—decided to cut off App support for the Cameras; and Plaintiffs have not

16  identified any legal duty that plausibly could have required Lorex to offer a more generous refund

17  program.  Plaintiffs' claims therefore fail as a matter of law.  Lorex respectfully requests that the

18  Court grant its motion and dismiss the Amended Complaint.  In the alternative, to the extent that

19  any claims survive, they should not proceed on behalf of a putative nationwide class.

20  Dated:  May 28, 2020                    FARELLA BRAUN + MARTEL LLP

21

22                                         By:   */s/ John Cooper*
                                                 John L. Cooper
23

24                                         CHOATE HALL & STEWART LLP

25                                         By:   */s/ Samuel Rudman*
                                                 Samuel N. Rudman
26

27                                         Attorneys for Defendants LOREX CORPORATION
                                           and DAHUA TECHNOLOGY USA INC.
28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Motion to Dismiss Plaintiffs' First                16                    38540\13150706.1
Amended Complaint Case No. 3:20-cv-01437-JSC